IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL L. CHURCH, | § | |
| | § | No. 463, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: |
| | § | Superior Court of the |
| v. | § | State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1101004755 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 26, 2015
Decided: January 4, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 4th day of January 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm under Supreme Court Rule 25(a),[1] and the Superior Court record, it appears to the Court that:

(1)     The appellant, Michael L. Church, has appealed the Superior Court's August 18, 2015 summary dismissal of his second motion for postconviction relief under Superior Court Criminal Rule 61.[2]  The State has moved to affirm the Superior Court judgment on the ground that it is

---

[1] The appellant requested permission to file a response to the motion to affirm. The motion is denied.  Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court.  The Court finds no good cause to request a response in this case.

[2] *State v. Church*, 2015 WL 5120862 (Del. Super. Aug. 18, 2015).

manifest on the face of Church's opening brief that the appeal is without merit.

(2)    It appears that Church was charged in a thirteen-count indictment with having committed multiple sex offenses between August and December 2010.  On September 20, 2011, Church pled guilty to one count of Continuous Sexual Abuse of a Child and one count of Sexual Abuse of a Child in the First Degree.  In exchange for the guilty plea, the State agreed to dismiss eight counts of Sexual Abuse of a Child in the First Degree and three counts of Sexual Abuse of a Child in the Second Degree.

(3)    Prior to sentencing, Church filed a motion to withdraw the guilty plea.  Church claimed that his defense counsel was ineffective and that he felt "threaten[ed] and forced" into taking the plea.  The Superior Court denied the motion[3] and later denied Church's motion for reconsideration.[4]  The Superior Court found that the guilty plea "was not the product of threat or misconduct by defense counsel," and that the plea was "knowing, voluntary and intelligent."[5]  The Superior Court determined that Church pled guilty "because he is guilty and he did not want to risk the consequences of the jury trial that would have begun immediately, had he

---

[3] *State v. Church*, 2012 WL 1413978 (Del. Super. Feb. 15, 2012).

[4] *State v. Church*, 2012 WL 1415763 (Del. Super. Mar. 2, 2012).

[5] *State v. Church*, 2012 WL 1413978, at *2 (Del. Super. Feb. 15, 2012).

2

not pleaded guilty."[6]   On March 9, 2012, the Superior Court sentenced Church to a total of thirty-five years at Level V, suspended after twenty-two years (seventeen years minimum mandatory), for Level IV work release and probation.  Church did not file a direct appeal.

(4)     On March 6, 2013, Church filed a motion for postconviction relief under Superior Court Criminal Rule 61.  Church claimed that his defense counsel's failure to investigate the case, develop evidence, suppress the charges and develop a trial strategy, rendered the guilty plea involuntary.

(5)     To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate that his defense counsel's conduct fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for his counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial.[7]  In this case the Superior Court summarily dismissed Church's second postconviction motion after finding that Church's claims of ineffective assistance of counsel were without merit.[8]  The Superior Court found that:

> [I]f the case had gone to trial on September 20,
> 2011, Defendant probably would have been found
> guilty as charged or, at least, guilty of one

---

[6] *Id.*

[7] *Albury v. State,* 551 A.2d 53, 58-60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985)).

[8] *State v. Church*, 2013 WL 3422490 (Del. Super. June 25, 2013).

unlawful sexual intercourse charge; Defendant certainly would have not been acquitted. If Defendant had not pleaded guilty, he would be serving at least one life sentence, probably more, rather than 22 years.[9]

Also, the Superior Court found that Church's claims "concern[ed] things that happened before he pleaded guilty and, because his guilty plea was knowing, voluntary and intelligent, [Church] waived those claims when he pleaded guilty."[10] Church did not file an appeal from the denial of his first motion for postconviction relief.

(6) In September 2013, Church filed a motion for appointment of counsel. The Superior Court denied the motion to appoint counsel.[11] Nearly one year later when Church filed a motion for reconsideration, the Superior Court denied that motion as well.[12]

(7) Church filed an appeal from the denial of his motion for reconsideration of counsel. The appeal was dismissed on the basis that the denial of counsel was not appealable as a collateral order before the entry of a final order.[13]

---

[9] *Id.*, at *2.

[10] *Id.*, at *1.

[11] *State v. Church*, 2013 WL 5786176 (Del. Super. Sept. 23, 2013).

[12] *See* docket at 43, *State v. Church*, Del. Super., Cr. ID No. 1101004755 (Oct. 6, 2014).

[13] *Church v. State*, 2015 WL 1243731 (Del. Mar. 17, 2015).

4

(8) Undaunted, on June 4, 2015, Church filed a second *pro se* motion for postconviction relief and a supporting memorandum. Church's second postconviction motion repeated verbatim the claims raised in his first postconviction motion, namely that the alleged ineffectiveness of his defense counsel rendered the guilty plea involuntary. The Superior Court concluded that the second postconviction motion "presented nothing new" and issued an order on August 18, 2015, summarily dismissing the motion as procedurally barred.[14] This appeal followed.

(9) The Court has considered the parties' positions on appeal and has concluded that the Superior Court did not abuse its discretion when summarily dismissing Church's second motion for postconviction relief as procedurally barred. Summary dismissal was appropriate because the motion was a successive postconviction motion filed in a guilty plea case.[15] The motion was procedurally barred because it was untimely[16] and raised claims that were formerly adjudicated.[17]

---

[14] *State v. Church*, 2015 WL 5120862 (Del. Super. Aug. 18, 2015).

[15] Del. Super. Ct. Crim. R. 61(d)(2).

[16] *See* Del. Super. Ct. Crim. R. 61(i)(1) (providing that a motion for post-conviction relief must be filed within one year of the final judgment). In Church's case, in the absence of a direct appeal, the judgment became final thirty days after March 9, 2012, the date the Superior Court imposed sentence. Del. Super. Ct. Crim. R. 61(m)(1). Church did not file his second motion for post-conviction relief until June 4, 2015, well past the one-year time bar.

[17] Del. Super. Ct. Crim. R. 61(i)(4).

(10)   To overcome the procedural bars, Church was required to plead either (i) the existence of new evidence creating a strong inference that he was actually innocent; (ii) the existence of a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid; or (iii) a viable claim that the Superior Court lacked jurisdiction over his case.[18]   In this case, Church's opening brief on appeal repeats the grounds for relief presented in his first and second motions for postconviction relief and supporting memorandum.   Church cannot satisfy any of the pleading requirements to overcome the procedural bars.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[18] Del. Super. Ct. Crim. R. 61(d)(2), (i)(5).